1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

OLEG BRYZZHEV,

CASE NO. 2:24-cv-1040-JNW

Plaintiff,

ORDER TO SHOW CAUSE

9
10

v.

11

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

12

Defendant.

13
14

## 1.  INTRODUCTION

15

This matter comes before the Court on Defendant U.S. Customs and Border

16

Protection's (CBP) Motion to Dismiss. Dkt. No. 18. Having reviewed the motion,

17

Defendant's reply, the relevant legal authorities, and the record, the Court finds

18

that Defendant's motion has merit, and that dismissal is warranted. But rather

19

than dismissing this case outright, the Court GRANTS Plaintiff leave to amend his

20

complaint within TWENTY-ONE (21) days of this Order to address the issues

21

identified below. Failure to do so will result in dismissal.

22
23

ORDER TO SHOW CAUSE - 1

## 2.  BACKGROUND

Plaintiff Oleg Bryzzhev, proceeding pro se, challenges CBP's denial of his application for membership in the NEXUS trusted traveler program—he first applied on August 20, 2020. Dkt. No. 6. On June 6, 2023, Bryzzhev, a Canadian citizen, crossed the U.S.-Canadian border twice on a roundtrip journey. *Id.* at 7. At the border checkpoint, he presented three documents: (1) a "World Passport" issued by the "World Service Authority"; (2) a Canadian citizenship certificate, and (3) a British Columbia driver's license. *Id.* at 7–10. He alleges the Canadian Border Services Agency (CBSA) and CBP "carefully and repeatedly" checked his documents and there "were no problems with the documents." *Id.* at 7.

On June 7, 2023, CBP denied Bryzzhev's NEXUS application. *Id.* at 7. He sought more information about the denial through Freedom of Information Act (FOIA) requests, and eventually learned that CBP denied his application because: (1) he presented a "fantasy document" during primary inspection; (2) he was inadmissible to the United States; (3) he presented a "fraudulent world passport"; and (4) he had never crossed the border before. Dkt. No. 6 at 8.

Bryzzhev seeks: (1) recognition of the World Passport as a valid travel document; (2) a declaration that CBP's actions violated various international agreements; (3) restoration of his NEXUS membership; (4) reopening of his NEXUS application; and (5) a refund of $3,000. Dkt. No. 6 at 5.

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Dkt. No. 18 at 1–2. Bryzzhev did not file an opposition or otherwise respond to the motion.

ORDER TO SHOW CAUSE - 2

# 3.  DISCUSSION

## 3.1    Plaintiff has not affected proper service.

Under Rule 12(b)(2), courts must dismiss claims where they lack personal jurisdiction over the defendant. "'A federal court lacks personal jurisdiction over a defendant if the defendant was not properly served.'" *Ouma v. Portland State Univ.*, No. 3:24-CV-00991-IM, 2025 WL 746059, at *2 (D. Or. Mar. 7, 2025) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).

While Bryzzhev submits proof that he served CBP and the U.S. Attorney General, the record does not show that he served the U.S. Attorney's Office for the Western District of Washington, as required by Rule 4(i)(1). *See* Dkt. Nos. 14, 17. This failure to complete service dooms his claims. *Carr v. Naval Base Kitsap Bremerton*, No. 18-cv-06005, 2021 WL 322518, at *2 (W.D. Wash. Feb. 1, 2021) (dismissing complaint for insufficient service of process because plaintiff failed to serve the United States Attorney General); *see also Friends of Roeding Park v. City of Fresno*, No. 11-cv-02070, 2012 WL 13191408, at *1–2 (E.D. Cal. Feb 1, 2012) (dismissing for failure to serve federal defendants consistent with Rule 4(i)). Dkt. No. 19 at 2.

1

**3.2    The Court lacks subject-matter jurisdiction over Plaintiff's claims.**

2        Even if service had been proper, this Court lacks subject-matter jurisdiction

3    because Bryzzhev failed to identify any waiver of sovereign immunity that would

4    allow his claims to proceed.

5        The United States, as sovereign, is immune from suit unless it consents to be

6    sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any waiver of immunity

7    must be unequivocally expressed. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95

8    (1990). A plaintiff bears the burden of showing both subject matter jurisdiction and

9    that the United States has waived sovereign immunity. *See Kokkonen v. Guardian*

10   *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (the party asserting jurisdiction has

11   the burden of establishing it); *Hajro v. U.S. Citizenship and Immigr. Servs.*, 811

12   F.3d 1086, 1101 (9th Cir. 2016) (Plaintiff bears the burden of proving that the

13   United States waived sovereign immunity).Dkt. No. 18 at 8.

14       Bryzzhev references several international agreements and constitutional

15   provisions, Dkt. No. 6 at 5, 9, 11–14, but identifies no specific statutory waiver of

16   sovereign immunity that would permit his suit. Dkt. No. 19 at 2–3. This alone

17   requires dismissal of his claims.

18   **3.3    Plaintiff fails to state a claim on which relief can be granted.**

19       Even construing Bryzzhev's complaint liberally as attempting to assert a

20   claim under the Administrative Procedure Act (APA), which can sometimes provide

21   a waiver of sovereign immunity, his claims still fail.

22

23

ORDER TO SHOW CAUSE - 4

1

2

3

The APA permits judicial review of a final agency action that is "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A). Bryzzhev fails to allege facts plausibly showing that CBP's decision was arbitrary or capricious.

4

5

6

7

8

9

10

As Bryzzhev recounts in his complaint, CBP's decision to reject his NEXUS application was based on clearly articulated eligibility criteria. Individuals may not qualify for NEXUS if they are inadmissible to the United States under immigration laws, provide false or incomplete information, or fail to meet other program requirements. Dkt. No. 18 at 9–10. CBP denied Bryzzhev's application because he presented a document that CBP does not recognize as a valid travel document and because he was deemed inadmissible to the United States. Dkt. No. 6 at 8–10.

11

12

13

14

15

The administrative record reflects a "rational connection" between the facts CBP found and the choice it made. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Bryzzhev received an explanation of the denial, and CBP's decision was within its broad discretion to administer the NEXUS program. Dkt. No. 19 at 3–4.

16

17

And none of the legal sources cited by Bryzzhev provide a viable cause of action:

18

19

20

21

22

- Article VI of the U.S. Constitution does not create a private cause of action. *Carter v. Inslee*, No. C16-1726-RSL-MAT, 2017 WL 6886722, at *5 (W.D. Wash. Dec. 4, 2017), *report and recommendation adopted*, No. C16-1726-RSL, 2018 WL 377396 (W.D. Wash. Jan. 10, 2018), *aff'd*, 773 Fed. Appx 929 (9th Cir. 2019).

23

- The Ninth Amendment provides no enforceable right of entry for foreign nationals. *Khachatryan v. Blinken*, 4 F.4th 841, 849–50 (9th Cir. 2021). Dkt.

- The U.N. Charter does not create binding federal law in the absence of implementing legislation. *Medellin v. Texas*, 552 U.S. 491, 493 (2008). Dkt.

- The International Covenant on Civil and Political Rights (ICCPR) was ratified "on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir. 2010).

- The Universal Declaration of Human Rights and the American Declaration of the Rights and Duties of Man are merely declaratory, not binding sources of law. *Chen v. Ashcroft*, 85 Fed. Appx. 700, 705 (10th Cir. 2004).

In sum, none of these sources create judicially enforceable rights that would override CBP's discretionary authority over trusted traveler programs. Dkt. No. 19 at 4.

## 3.4    Plaintiff is given leave to amend.

District courts must grant leave to amend if the defects in the complaint may be cured, even if the plaintiff does not request it. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022). This rule applies equally when the district court dismisses a complaint for lack of subject matter jurisdiction. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1084 (9th Cir. 2014).

Bryzzhev has not requested leave to amend—in fact, he didn't respond to Defendant's motion—so perhaps he has abandoned this action. Even so, the Court

declines to dismiss his complaint without giving him notice or at least a chance to amend his complaint to address the deficiencies identified above.

## 4. CONCLUSION

In sum, the Court FINDS that Bryzzhev has failed to establish this Court's jurisdiction over his claims or Defendant. The Court also finds that Bryzzhev has failed to state a claim on which relief may be granted. Accordingly, within TWENTY-ONE (21) days of this Order, Bryzzhev must show cause why this case should not be dismissed. He may do so by responding to this order or amending his complaint to address the issues raised above. Failure to timely respond or submit an amended complaint that fixes these issues will result in dismissal.

In the meantime, the Court strikes the initial scheduling deadlines set forth in its Order dated October 1, 2024, Dkt. No. 10, and denies as moot Bryzzhev's motion to cancel the early case deadlines, Dkt. No. 14.

Dated this 28th day of March, 2025.

Jamal N. Whitehead
United States District Judge