UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLEG BRYZZHEV, | CASE NO. 2:24-cv-1040-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, | |
| Defendant. | |

Plaintiff Oleg Bryzzhev, proceeding pro se, challenges Defendant Customs and Border Protection's (CBP) denial of his application for membership in the NEXUS trusted traveler program. CBP moved to dismiss, arguing that Bryzzhev failed to effect proper service, did not identify any waiver of sovereign immunity that would allow his claims to proceed, and failed to state a claim under which relief could be granted. Dkt. No. 18. The Court ordered Bryzzhev to either respond or amend his complaint to address the deficiencies raised by CBP. Dkt. No. 20. Bryzzhev responded on April 9, 2025, Dkt. No. 21, but his response does not fix these issues. Accordingly, the Court GRANTS CBP's motion to dismiss.

DISMISSAL ORDER - 1

**1.1  Bryzzhev has not affected proper service.**

In its prior order, the Court noted that Bryzzhev failed to serve the U.S. Attorney's Office for the Western District of Washington, as required by Federal Rule of Civil Procedure 4(i)(1). Dkt. No. 20 at 3 (citing *Carr v. Naval Base Kitsap Bremerton*, No. 18-cv-06005, 2021 WL 322518, at *2 (W.D. Wash. Feb. 1, 2021) (dismissing complaint for insufficient service of process because plaintiff failed to serve the United States Attorney General); *see also Friends of Roeding Park v. City of Fresno*, No. 11-cv-02070, 2012 WL 13191408, at *1–2 (E.D. Cal. Feb 1, 2012) (dismissing for failure to serve federal defendants consistent with Rule 4(i)).

In his response, Bryzzhev states that he served the U.S. Attorney's Office for the Western District of Washington via "registered fax" on September 22, 2024. Dkt. No. 21 at 2. He argues that "[r]easonable deviations from the dogma of Rule 4 are necessary and possible in the interests of justice." *Id*. Bryzzhev then cites Rules 4(f)(3) and 5(b)(2)(E), neither of which are relevant here. Rule 4(f)(3) involves serving an individual in a foreign country. Although Bryzzhev resides in Canada, he is serving the United States not an individual in a foreign country. Rule 5(b)(2)(E) pertains to serving papers and filings—not service of process. The Court cannot excuse Bryzzhev from Rule 4(i)(1) simply because he finds it "dogmatic." Indeed, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**1.2    Bryzzhev fails to state a claim on which relief can be granted.**

As the Court explained in its prior order, the United States is immune from suit unless it unequivocally expresses a waiver of its immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990). But Bryzzhev identifies no specific statutory waiver of sovereign immunity here. Dkt. No. 20 at 4.

In his response, Bryzzhev cites three statutes but fails to state a claim under any of them. The basic facts of Bryzzhev's complaint are straightforward—CBP denied Bryzzhev's NEXUS application finding he did not meet program eligibility requirements after presenting a "World Passport" issued by the "World Service Authority." Dkt. No. 6 at 7–10.

First, Bryzzhev cites the Federal Tort Claims Act (FTCA), under which a plaintiff can sue the United States for injuries caused by negligent acts of government employees. 28 U.S.C. § 2674; *see also Lam v. United States*, 979 F.3d 665, 672 (9th Cir. 2020). In his response, Bryzzhev states that CBP acted "negligently and wrongfully" in finding that his World Passport was fraudulent. Dkt. No. 21 at 10–11. But Bryzzhev concedes that if CBP "is going to challenge the World Service Authority's right to issue World Passports and the World Passport's right of identification, then this issue goes far beyond [his] competence." Dkt. No. 21 at 6. Moreover, Bryzzhev does not allege that CBP accepts World Passports as valid identification, therefore, he fails to show that CBP breached a duty in denying his application. *See* Dkt. No. 6 at 9 (stating that "189 countries have reportedly

accepted World Passports on a . . . case-by-case basis," but not stating that the United States is one of those countries).

Even if the Court were to accept Bryzzhev's conclusory statement that rejecting his World Passport was negligent, it would be blocked by the discretionary function exception. Specifically, "[t]he government does not waive immunity for tort claims if the alleged tortfeasor was performing a discretionary function or duty when he or she injured the plaintiff." *Lam*, 979 F.3d at 672; 28 U.S.C. § 2680(a). The exception applies where the employee is afforded discretion in their decision-making and "[w]here there is room for policy judgment and decision there is discretion." *Lam*, 979 F.3d at 673 (quoting *Dalehite v. United States*, 346 U.S. 15, 36 (1953)). Bryzzhev shows neither that CBP officers must, or had discretion to, accept World Passports, but even if it was a discretionary decision, immunity would apply. Either way, Bryzzhev's claim cannot proceed under the FTCA.

Second, Bryzzhev cites the Little Tucker Act. Under the Little Tucker Act,

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: . . . (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2). But Bryzzhev does not identify a foundation for his request for damages—in the Constitution, federal statute, administrative regulation, or contract. As the Court explained in its prior order, none of the Constitutional or international sources of law Bryzzhev cites create judicially enforceable rights that

would override CBP's discretionary authority. Dkt. No. 20 at 5–6. As a result, Bryzzhev fails to state a claim under the Little Tucker Act.

Finally, Bryzzhev cites the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), which allows judicial review of final agency action that is "arbitrary, capricious, [or] an abuse of discretion." But, as the Court has already explained, CBP denied Bryzzhev's application because he presented a document that it does not recognize as a valid travel document and because he was deemed inadmissible to the United States. Dkt. No. 20 at 5. Accordingly, the decision was neither arbitrary nor capricious but rather within CBP discretion to administer the NEXUS program. *Id.*

In sum, the Court finds that Bryzzhev failed to effect proper service and further failed to state a claim on which relief may be granted. Because the Court has already granted Bryzzhev leave to amend or to respond to these deficiencies, the Court finds further leave to amend would be futile. Thus, the Court GRANTS CBP's motion to dismiss, Dkt. No. 18, and DISMISSES Bryzzhev's complaint with prejudice. The Court directs the Clerk to close this case.

Dated this 18th day of April, 2025.

Jamal N. Whitehead
United States District Judge